# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GWENN HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 03-353-MJR |
| | ) | |
| MICHELLE R. PULLEY, GUY D. | ) | |
| PIERCE, ROSALINA GONZALES, | ) | |
| MAGGIE BRIAN, EDWARD GREEN, | ) | |
| SHARON McCORKLE, CECIL | ) | |
| VAUGHN, PHILLIP MARTIN, R. HALL, | ) | |
| DR. CHO, DR. FINERMAN and C/O | ) | |
| EUBANKS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint (Doc. 5) into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Gonzales, Pulley and Brian for deliberate indifference to his medical needs, in violation of his rights under the Eighth Amendment.
>
> **COUNT 2:** Against Defendant Pulley for interfering with his access to the courts, in violation of his rights under the Fourteenth Amendment.
>
> **COUNT 3:** Against Defendants Finerman, Eubanks, Vaughn and Martin for their threats and taunting harassment.
>
> **COUNT 4:** Against Defendant Hall for deliberate indifference to his medical needs, in violation of his rights under the Eighth Amendment
>
> **COUNT 5:** Against Defendants Pierce and Green for failing to respond appropriately to his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

The primary focus of this action concerns the medical treatment Plaintiff received, or did not receive, while in the Lawrence Correctional Center. Due to the rambling language used throughout

the amended complaint, it is difficult to determine exactly what claims are presented. However, reading the amended complaint in conjunction with the voluminous exhibits attached, the Court discerns two distinct medical claims, as discussed below.

*General Principles*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). Further, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

***Medication***

Plaintiff's first medical claim is that at an unspecified time while at Lawrence, Plaintiff was medicated with Elavil® for pain, although he contends that this medication is really a psychotropic drug that made him sick. He does not include any allegations regarding who prescribed this medication for him, nor does he state what physical condition necessitated pain medication.

The Supreme Court held that a prisoner has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). However, in this case Plaintiff was prescribed Elavil®, an anti-depressant typically prescribed for major depressive disorders. However, the Court notes that "Elavil® is sometimes used for pain relief of chronic pain conditions that include fibromyalgia and chronic back pain."[1]

Therefore, it appears that Plaintiff's claim is simply based upon a disagreement over an unspecified doctor's choice of medication for his pain, and such a disagreement does not give rise to an Eighth Amendment claim. *See Snipes*, 95 F.3d at 591. Accordingly, his claim regarding the Elavil® prescription is dismissed from this action with prejudice.

*Crutches*

Plaintiff next alleges that Defendant Gonzales confiscated his crutches when he arrived at the Lawrence Correctional Center in March 2003. He claims this action was not taken for legitimate security concerns, but rather in retaliation for grievances he filed against her at Pinckneyville when she forced him to take a medication that made him sick. Due to his prior experience with Gonzales, Plaintiff indicated that he did not want to receive medical treatment from her.

---

[1] Information from the Consumer Health Digest website, http://consumerhealthdigest.com/elavil35.htm?source=google (Accessed October 19, 2005).

Following Plaintiff's refusal to be treated by Gonzales, Defendant Pulley ordered him released from the infirmary into general population. Due to his medical condition, Plaintiff had difficulty walking and standing, requiring assistance from other inmates. In late April 2003, Plaintiff fell and injured himself. Plaintiff was taken to the infirmary, where he claims Gonzales failed to provide him with medical treatment and then falsified medical records regarding treatment that was provided to him.

Although Plaintiff's statements are vague regarding his particular medical condition, the Court is unable to dismiss this claim against Gonzales and Pulley at this point in the litigation. *See* 28 U.S.C. § 1915A. However, Plaintiff's only allegation against Defendant Brian is that she contradicted Gonzales regarding either his medical treatment or his diagnosis. A disagreement between doctors hardly constitutes deliberate indifference to his medical needs, and Brian is therefore dismissed from this action with prejudice.

## COUNT 2

Plaintiff's next claim is that staff at Lawrence, including Pulley, have interfered with his access to the courts in many ways. He specifically alleges delays in sending his outgoing legal mail, interferences with his access to his legal property, and denial of proper forms for grievances and lawsuits.

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins,* 977 F.2d at 268

(*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation."  *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 113 S.Ct. 1002 (1993).  Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid,* 969 F.2d at 603.

In this case, Plaintiff makes no allegations of any prejudice to any specific litigation, either pending or contemplated.  Therefore, he has not presented a viable constitutional claim regarding interference with his access to the courts, and Count 2 is dismissed from this action with prejudice.

**COUNT 3**

Plaintiff alleges that on a few isolated occasions, he was verbally harassed by various staff members at Lawrence.  Specifically, he alleges that Defendant Finerman shoved him on unspecified date, telling him to "walk or else."  On another unspecified date, Defendant Eubanks was heard making unspecified threats against Plaintiff. On May 13, 2003, Defendant Vaughn made "open and irresponsible statements, including personal slights of the Plaintiff's mother."  Finally, on another unspecified date, Defendant Martin made "taunts and ridicules" at him.  Plaintiff also alleges, generally, that staff members and inmates have engaged in "psychological warfare" by banging on doors, using chemical agents, and tampering with his food.

Isolated, infrequent incidents of verbal abuse or harassment do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Therefore, Plaintiff's claims against Finerman, Eubanks, Vaughn and Martin regarding verbal harassment are dismissed from this action with prejudice.

It is also possible to construe Plaintiff's allegations against Finerman as a claim of excessive force, which may constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson,* 503 U.S. at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

In this case, Plaintiff's statement that Finerman "pushed, shoved, and hit the Plaintiff with his hand" while telling him to "walk or else" suggests just such a *de minimis* use of force that does

not give rise to a constitutional claim. Therefore, to the extent that Plaintiff may be attempting to assert a claim of use of excessive force against Finerman, that claim is also dismissed from this action with prejudice.

#### COUNT 4

Plaintiff states on May 29, 2003, an "unknown caustic substance" came from ventilation system into his cell, causing a burning sensation and shortness of breath. He immediately notified C/O Goins (not named as a defendant in this action), who in turn notified Defendant Hall. Although Goins acknowledged that he could "smell something" and that the smell was stronger in Plaintiff's cell than in nearby cells, Plaintiff alleges that Hall failed to do anything. He further alleges that this problem continues periodically.

This claim against Hall for his failure to take action constitutes, at best, a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Therefore, Count 4 is dismissed from this action with prejudice.

#### COUNT 5

Plaintiff's only allegations against Defendants Pierce and Green appear at the very beginning of the amended complaint. He states,

> Warden Pierce said to have authorized/condoned a/this policy of abuse – appearing probable by his failure to respond to complaints made to him; including in person. As did Defendant Green to written complaints.

The Court construes these statements as allegations that Pierce and Green are liable for all other incidents alleged in this action due simply to their failure to respond to his complains or grievances. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by

the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene).

Accordingly, Plaintiff has not presented a viable constitutional claim against Pierce or Green; consequently, they are dismissed from this action with prejudice.

**OTHER DEFENDANTS**

Plaintiff also lists Sharon McCorkle and Dr. Cho as defendants in the caption of his amended complaint. However, the statement of claim does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, these individuals are dismissed from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 2, COUNT 3 , COUNT 4** and **COUNT 5** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the claim in Count 1 regarding the prescription medication is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BRIAN, CHO, EUBANKS, FINERMAN, GREEN, HALL, MARTIN, McCORKLE, PIERCE** and **VAUGHN** are **DISMISSED** from this

action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **GONZALES** and **PULLEY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **GONZALES** and **PULLEY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 19th day of October, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**