# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GWENN HALE,               )
                                       )
          Plaintiff,       )
                                       )
v.                            )     Case No. 03-CV-0353-MJR
                                       )
MICHELLE R. PULLEY, and   )
ROSALINA GONZALES,      )
                                       )
          Defendants.    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

       Hale commenced this action on May 29, 2003 (*see* Doc. 1) and this Court intially granted Hale's motion to proceed *in forma pauperis* (*see* Doc. 3). However, the Court revoked Hale's *in forma pauperis* status and dismissed this case in its September 26, 2006 Order (*see* Doc. 52). Therein, the Court noted that Hale has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. **See, e.g.,*Hale v. Washington*, Case No. 97-1074-PER (S.D. Ill., filed Dec. 24, 1997); *Hale v. Fairman*, Case No. 95-cv-6588 (N.D. Ill., filed Jan. 12, 1996); *Hale v. Christian*, 95-cv-1259 (N.D. Ill., filed April 17, 1995).** Consequently, Hale was not entitled to proceed *in forma pauperis* unless he could show that he was "under imminent danger of serious physical injury." **28 U.S.C. § 1915(g).**

       The Court found it clear that Hale was no longer under "imminent danger of serious physical injury" and perhaps never was, as Hale failed to present any specific or legitimate allegations of imminent serious physical injury and was no longer even an inmate in the prison in

which his complaints originally arose (*see* Doc. 49, p.2). For all those reasons, the Court revoked

Hale's *in forma pauperis* status and dismissed the case without prejudice and with leave to re-file,

provided Hale paid the requisite filing fee (*see* Doc. 52).

On November 13, 2006, Hale moved this Court to set aside that Order (Doc. 58).

Hale's motion was denied on April 26, 2007 (Doc. 59).

Hale has yet to pay the requisite filing fee, but again moves this Court for relief from

its September 26, 2006 Order pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 60(b)** (Doc. 60).

Rule 60(b) permits a district court to relieve a party from a judgment on the following narrow

grounds: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or

"any other reason justifying relief" from operation of the Order. A Rule 60(b) motion cannot be

used to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where

'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*,**

**209 F.3d 695, 698 (7th Cir. 2000).** The Seventh Circuit has emphasized that Rule 60(b) imposes

an "exacting standard" under which the movant must demonstrate exceptional circumstances to

prevail. ***See Romo v. Gulf Stream Coach*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001).**

Hale now seeks to present new evidence not available at the time of the Court's Order

to show that he is in fact "under imminent danger of serious physical injury." **28 U.S.C. § 1915(g).**

Primarily, he argues that "it does not matter where he is relocated to, he will remain in danger of

imminent physical injury, and shall inevitably suffer harm, physical harm, and injury" (Doc. 60).

He asserts that even though he has been moved from the Lawrence Correctional Center to the Hill

Correctional Center, Defendant Pulley now works there and constitutes a threat to his safety.[1]

Hale submits a plethora of affidavits and addenda to his motion for relief from judgment, which present a laundry list of problems Hale has had in recent months (*see* Docs. 63, 64, 69, & 70). However, none of these problems appear to be related to Pulley in any way. In fact, most of the issues Hale raises involve alleged abuses carried out by other inmates. For instance, Hale explains that he walks with a cane, and inmates subject him to harassment because he does not move as quickly as they would like. Additionally, he alleges that property was stolen from his cell and was never located or returned. Hale also asserts that his cell mate is verbally and physically abusive. The Court fails to see how any of these issues are related to the Defendant.

Even where Hale's complaints involve prison staff or procedure, there is no clear indication that Pulley is personally involved in the alleged activities. For instance, Hale asserts that he is often denied phone privileges and is restricted from visiting the library. Additionally, he alleges that he has been placed in segregation at times and has been prevented from showering on various occasions. Hale goes on to complain that he is subject to regular cell searches or "shake downs," and he has been prevented from leaving his cell on occasion, even though other inmates are permitted to leave theirs. He also claims that he does not always receive adequate medical treatment.

Aside from the mere assertion that "everything stems from [former Defendant] Mr. Pierce and Ms. Pulley," there is nothing in Hale's affidavits that actually link Pulley to any of the alleged abuses. Hale's assertions, even taken as true, do not exhibit any reason requiring this Court

---

[1] Though there is nothing beyond Hale's affidavit to corroborate this claim, Pulley neither admits nor denies that she works at the facility where Hale is located.

to set aside its Order under Rule 60(b), as Hale has failed to show that he is under imminent danger of serious physical injury due to Pulley's actions.

Accordingly, the Court **DENIES** Hale's motion for relief from judgment (Doc. 60). As was the case following this Court's original Order dismissing this matter without prejudice (Doc. 52), Hale remains free to re-file his cause of action if he so chooses, so long as he pays the requisite filing fee.

**IT IS SO ORDERED.**

**DATED this 21st day of May 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**