# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GWENN HALE,                        )
                                   )
      Plaintiff,               )
                                   )
v.                                 )     Case No. 03-CV-0353-MJR
                                   )
MICHELLE R. PULLEY, and            )
ROSALINA GONZALES,                 )
                                   )
      Defendants.              )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Hale commenced this action on May 29, 2003 (*see* Doc. 1) and this Court intially granted Hale's motion to proceed *in forma pauperis* (*see* Doc. 3). However, the Court revoked Hale's *in forma pauperis* status and dismissed this case in its September 26, 2006 Order (*see* Doc. 52). Therein, the Court noted that Hale has had three or more prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. ***See, e.g.,Hale v. Washington*, Case No. 97-1074-PER (S.D. Ill., filed Dec. 24, 1997); *Hale v. Fairman*, Case No. 95-cv-6588 (N.D. Ill., filed Jan. 12, 1996); *Hale v. Christian*, 95-cv-1259 (N.D. Ill., filed April 17, 1995).** Consequently, Hale was not entitled to proceed *in forma pauperis* unless he could show that he was "under imminent danger of serious physical injury." **28 U.S.C. § 1915(g).**

The Court found it clear that Hale was no longer under "imminent danger of serious physical injury" and perhaps never was, as Hale failed to present any specific or legitimate allegations of imminent serious physical injury and was no longer even an inmate in the prison in

which his complaints originally arose (*see* Doc. 49, p.2). For all those reasons, the Court revoked Hale's *in forma pauperis* status and dismissed the case without prejudice and with leave to re-file, provided Hale paid the requisite filing fee (*see* Doc. 52).

Since that time, Hale has filed various motions to reconsider (Docs. 53, 58 & 60) and has attempted to appeal the Court's refusal to grant reconsideration (Doc. 72). The word "attempted" is appropriate here, because the Seventh Circuit has identified Hale as a restricted filer. As such, Hale is not permitted to file anything in the courts of the Seventh Circuit—including this District Court. On July 6, 2006, the Seventh Circuit ordered that

> [u]ntil [Hale] has paid in full all outstanding fees and any sanctions in all civil actions he has filed, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of the appellant Gwenn Hale.

*Gwenn Hale v. Douglass B. Walters*, Case No. 05-4290 (7th Cir. July 6, 2006). At this time, Hale has not paid the filing fee in this case, and it does not appear that he has paid the outstanding fees in his other civil actions.

Accordingly, this District Court **DIRECTS** the Clerk of the Court to **STRIKE** Hale's Notice of Appeal (Doc. 72). Additionally, the Court **DIRECTS** the Clerk of the Court to return unfiled all papers submitted by or on behalf of Gwenn Hale in the above-captioned action until he pays in full all outstanding fees and sanctions in any civil actions he has filed.

**IT IS SO ORDERED.**

**DATED this 10th day of June 2008.**

<div style="margin-left:40%">

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

</div>